IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DAN SALAMIE,

                Plaintiff,

v.                                                CIVIL ACTION NO.  2:10-cv-01369

TD AMERITRADE, INC., et al.,

                Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the plaintiff's *Ex Parte* Motion for Stay of Further Arbitration Proceedings Pending Resolution of Complaint [Docket 5], filed on December 13, 2010.  For reasons discussed below, this motion is hereby **DENIED**.

**I.**      **Background**

The plaintiff's Complaint [Docket 1] seeks the vacatur of a decision by defendant Financial Industry Regulatory Authority ("FINRA") to dismiss defendant TD Ameritrade, Inc. ("TDA") from the ongoing arbitration proceeding styled as *Dan Salamie v. Bruce P. Conrad and TD Ameritrade, Inc.*, FINRA-DR CASE NO.: 09-3880 ("the Arbitration").  He further requests that the arbitration proceedings be stayed pending the resolution of this action.  The plaintiff alleges that he is eligible for such relief under a provision of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a), because (1) the arbitrators improperly refused to allow him to pursue all theories of liability,[1]  (2) showed

---

[1] According to the plaintiff's Complaint, an action arising out of the same facts as this suit in the Circuit Court of Kanawha County, West Virginia resulted in a dismissal and referral to
(continued...)

evident partiality to TDA, attributable to the financial industry's over representation on the panel, (3) refused to hear pertinent and material evidence, and (4) the award was procured by undue means. The plaintiff requests that this court stay the next hearing in the Arbitration, set for December 16, 2010, because "if the Court vacates the award in favor of TDA, then, obviously, the Arbitration Proceeding is no longer viable." [Compl. ¶ 136.] In his Motion for Stay, he further alleges that "[i]f the complaint is resolved in Dan's favor and against FINRA and TD Ameritrade, Inc., then any resulting requirement of arbitration would mean a new arbitration panel has to be composed and new proceedings have to be commenced." [Mot. Stay ¶ 18.] "As a result," the plaintiff argues, "any further proceedings in the pending arbitration should not be held because these proceedings could eventually become moot." [*Id.* ¶ 19.] The plaintiff further alleges that if the dismissal of TDA in the Arbitration is upheld, the claims against the remaining defendant (Mr. Conrad) in the Arbitration may not be subject to arbitration because no agreement exists between the plaintiff and Mr. Conrad.

## II. Discussion

The plaintiff seeks vacatur of the Arbitration panel's dismissal of TDA under FAA, 9 U.S.C. § 10(a). By its terms, however, court action under § 10(a) is authorized only after a final award

---

[1](...continued)
arbitration, with directions to follow the directives of the court regarding a judicial finding that one defendant (Mr. Conrad) was a "controlled person" within the meaning of certain federal securities laws. The Arbitration began, but TDA concurrently filed a petition with the Supreme Court of Appeals of West Virginia requesting a finding that the trial court's ruling on Mr. Conrad's status as a "controlled person" was an improper consideration of the merits of the case. The Supreme Court, according the plaintiff, held that "the court had no authority to rule on any issue other whether arbitration of [the plaintiff's] claims [was] required under the applicable contracts." [Compl. ¶ 62.] Thus, the plaintiff alleges, his claim in the ongoing Arbitration was substantively affected by the loss of the judicial finding about Mr. Conrad. He alleges that the Arbitration Panel refused to compel TDA to respond to discovery requests regarding this issue, and that his task of proving Mr. Conrad was a "controlled person" was effectively thwarted by the Arbitration Panel and TDA.

is made by the arbitrator. *See* 9 U.S.C. § 10; *Folse v. Richard Wolf Med. Instruments Corp.,* 56 F.3d 603, 605-6 (5th Cir. 1995). "In order to be 'final,' an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them," including a determination of damages *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 412 (2d Cir. 1980). The plaintiff has not shown that the Arbitration has resulted in a final award. Thus, in determining whether to stay an ongoing arbitration, the court must employ the test used for preliminary injunctions. The plaintiff here merely argues that if this case is eventually resolved in his favor, the underlying Arbitration "could become moot." He further alleges that the outcome of this litigation, if resolved against him, could affect the arbitrability of his claims against Mr. Conrad, who is not a party this lawsuit. He has not cited any support for his claims that these hypothetical situations justify a stay of arbitration, nor has he shown, or even alleged, that if the arbitration proceeds, he will not be able to pursue his FAA claims after a final determination is made. The hypothetical danger of an unfavorable award against the plaintiff in the Arbitration cannot justify this court's imposition of a stay on the Arbitration proceedings. Accordingly, the plaintiff's Motion to Stay is hereby **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     December 15, 2010

Joseph R. Goodwin, Chief Judge